## Case No. 17,020.

VOWELL v. LYLES.

[1 Cranch, C. C. 329.] 1

Circuit Court, District of Columbia. July Term, 1806.

### OFFICE JUDGMENTS—VACATING.

To set aside an office judgment, the court will not permit the defendant to plead specially, matter which may be given in evidence upon the general issue.

[Cited in Patton v. Violett, Case No. 10,839.]

Assumpsit against indorser of a promissory note.

Mr. Youngs, to set aside the office judgment, offered to plead, 1. Non assumpsit. 2. That the maker had, at the time of the institution of the suit, more property in his hands than would have discharged the debt. 3. That no consideration passed from plaintiff to defendant.

[See Case No. 17,021.]

## Case No. 17,021.

VOWELL v. LYLES.

[1 Cranch, C. C. 428.] 1

Circuit Court, District of Columbia. July Term, 1807.

PROMISSORY NOTES — LIABILITY OF INDORSER — PLEADING—SPECIAL DEMURRER—INDORSEMENT IN BLANK.

1. In an action in Virginia, by the indorsee against the indorser of a promissory note, if the maker is insolvent, it is not necessary that the plaintiff should have first sued the maker, although at the time of bringing the suit, the maker had in his hands, goods and chattels more than enough to pay the debt.

2. If the defendant indorsed the note to give it credit, no other consideration is necessary to support the action.

[Cited in McComber v. Clarke, Case No. 8,711.]

3. A special demurrer brings into question the substantial validity of the pleading of the demurring party.

---

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Hon. William Cranch, Chief Judge.]

4. A blank indorsement may be filled up at the bar, after the jury is sworn; and the indorsement so filled up is primâ facie evidence of a good consideration.

Assumpsit by indorsee against his immediate indorser of a promissory note.

1st Plea: That at the time this suit was brought G. N. Lyles, the maker of the note, had in his hands goods and chattels more than enough to pay this debt. Replication, that the said G. N. Lyles was at that time insolvent.

Special demurrer: 1st. Because the replication is no answer to the plea. 2d. Because it is a departure. 3d. Because the plaintiff has not demurred, nor joined issue.

2d Plea: That neither the defendant [W. H. Lyles], nor any person for him, ever received any value or consideration of any kind whatsoever, of or from the plaintiff, or any other person whatsoever, for or on account of the note of the said G. N. Lyles, or for or on account of the indorsement and assignment of the said note.

Replication, that the note was drawn payable to the defendant, and on the same day indorsed by him; and that such indorsement was made by him for the purpose of giving credit to the note; and that after the note was so indorsed, to wit. on the same day, it was, "for a fair and valuable consideration transferred and delivered to the plaintiff, who accepted and received the note so indorsed as aforesaid, as well upon the credit of the indorser aforesaid, as upon the credit of the maker, G. N. Lyles."

Special demurrer. 1st. Because the replication is no answer to the plea. 2d. Because it does not admit or deny that no consideration passed, &c., for the indorsement. 3d. Because it neither takes issue nor demurs to the defendant's plea.

3d plea, non assumpsit; and issue.

Mr. Youngs, for defendant, contended that he was not bound to show his pleas to be substantially good, upon his own special demurrer to the plaintiff's replication; and that the only question was whether the replication was bad.

PER CURIAM (nem. con.). If your pleas are substantially bad, the judgment must be against you upon your own demurrer. The first plea is bad in substance; it does not show the solvency of the maker; and is no answer to the charge of his insolvency, as alleged in the declaration.

Upon the second demurrer, THE COURT (FITZHUGH, Circuit Judge, contra) adjudged the replication to be good, inasmuch as it showed a good consideration. The indorsement being for the purpose of giving credit to the note, and the plaintiff having passed away a valuable property upon the credit so given to the note, a good consideration flowed from the plaintiff to the defendant.

On the trial of the issue of non assumpsit,—

Mr. Youngs, for defendant, objected to the note, with a blank indorsement of the defendant, being read in evidence, and also objected to the plaintiff's attorney filling it up at the bar after the jury was sworn.

But THE COURT (nem. con.) suffered it to be so filled up, and then read to the jury.

Mr. Youngs then prayed the court to instruct the jury in effect, that the plaintiff must prove a consideration by other evidence than the said indorsement, so filled up.

But THE COURT (FITZHUGH, Circuit Judge, contra) refused, and instructed the jury that the indorsement, so filled up, was primâ facie evidence of a consideration, and threw the burden of proof on the defendant. The defendant took a bill of exceptions, but did not prosecute a writ of error.

PROMISSORY NOTES—LIABILITY OF INDORSER—NOTICE.